IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PHYLLIS LATHAM                                                          PLAINTIFF

V.                                NO. 3:08CV00145

CRACKER BARREL OLD
COUNTRY STORE, INC.,
JOHN DOE I, JOHN DOE II,
AND JOHN DOE III                                                       DEFENDANTS

## ORDER

Pending is Plaintiff's motion to transfer. (Docket # 6). Plaintiff originally filed this action in the Circuit Court of Cross County, Arkansas. Defendant removed the action the Eastern District of Arkansas, Jonesboro Division, based on diversity jurisdiction. Plaintiff requests that the Court transfer the case to the Eastern Division. Defendant objects to the transfer.

Defendant concedes that the case should have been removed to the Eastern Division of the Court because the case was originally filed in Cross County which is located in the Eastern Division. However, Defendant contends that venue is more appropriate in the Jonesboro Division based upon the factors set forth in 28 U.S.C. §1404(a). Plaintiff's complaint alleges that she slipped and fell at the Cracker Barrel Old Country Store located in Jonesboro, Arkansas resulting in personal injuries. The Plaintiff is a resident of Cross County, Arkansas.

28 U.S.C. §1404 (a) allows the Court to transfer an action to any other district or division in which it might have been brought for the convenience of parties and witnesses and in the interest of justice. "In order to show that transfer is proper, the [movant] must establish that (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3) the transfer is for the convenience of the parties and witnesses and promotes the interests of justice".

*Arkansas Right to Life State Political Action Committee v. Butler*, 972 F. Supp. 1187, 1193 (W.D. Ark. 1997).

Defendant bears the burden of proving the alternate forum is more convenient than the one chosen by the plaintiff. *Butler*, 972 F.Supp. at 1193.  In doing so, the defendant must overcome the general principle that the plaintiff's choice of forum should be disturbed only if the balance of convenience strongly favors the defendant. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  "Plaintiff's choice of forum is given 'great weight' and should rarely be disturbed." *Butler,* 972 F.Supp. at 1194.

Based upon these facts the Court finds that the balance of convenience strongly favors the Eastern division over the Jonesboro division. Although the accident occurred in Jonesboro, the Plaintiff lives in the Eastern Division and filed her suit in that division, "[s]ince venue is a procedural rule of convenience, the convenience of the aggrieved party should be first accommodated." *Gardner Engineering Corp. v. Page Engineering Co.,* 484 F.2d 27, 33 (8th Cir. 1973).  Accordingly, Plaintiff's motion to transfer is granted.  The Clerk of the Court is directed to transfer this action to the Eastern Division of this Court.

IT IS SO ORDERED this 24th day of October, 2008.

/s/ James M. Moody
James M. Moody
United States District Judge